IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Douglass, | No. CV-22-00356-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner Jeremy Douglass filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Magistrate Judge Eileen S. Willett filed a Report and Recommendation finding the petition should be denied as untimely. (Doc. 12). Petitioner filed some objections. For the following reasons, Magistrate Judge Willett's recommendation will be adopted as set forth below.

**I.      Factual Background**

In 2010, Petitioner was convicted by a jury of thirty counts of surreptitious recording, eight counts of sexual assault, seven counts of sexual abuse, ten counts of burglary in the third degree, and one count of attempted surreptitious recording. (Doc. 11-1 at 52-68). Petitioner filed a direct appeal, and on June 30, 2011, the Arizona Court of Appeals affirmed the convictions. (Doc. 11-2 at 44). Petitioner did not seek further review by the Arizona Supreme Court, and the Arizona Court of Appeals issued its mandate affirming his convictions on October 6, 2011. (Doc. 11-2 at 51, 69).

Prior to the conclusion of his direct appeal, Petitioner filed a Notice of Post-

Conviction Relief (PCR) in August of 2010. The trial court dismissed the proceeding because his direct appeal was still pending, and gave Petitioner leave to re-file his PCR proceeding within 30 days of the Arizona Court of Appeals' mandate. (Doc. 11-2 at 65). Unaware the mandate was issued on October 6, 2011, on December 28, 2011, Petitioner filed a letter which the court treated as a request for PCR. The court dismissed the petition as untimely on January 27, 2012, since it was not brought within 30 days of the issuance of the mandate of the appellate court. (*Id.* at 69).

The record does not set forth what occurred during the month of February 2012. On March 7, 2012, Petitioner wrote to the Clerk of the Superior Court stating he was waiting for appointment of PCR counsel. (Doc. 11-2 at 72). That letter appears to have prompted Petitioner's counsel to send him a copy of the mandate issued by the Arizona Court of Appeals. (Doc. 11-2 at 74). Petitioner filed another PCR notice on April 23, 2012, asserting the untimeliness was not his fault because his appellate attorney did not send him the mandate, so he was not informed of the final outcome of his direct appeal until April 2012. (Doc. 11-2 at 85-87).[1] The court allowed the matter to proceed and appointed PCR counsel. (*Id.*)

Petitioner's counsel then sought and obtained five extensions of time to file a full petition for post-conviction relief. (Doc. 11-2 at 104). The final extension meant the petition was due in early January 2013. On January 9, 2013, Petitioner sought leave to file under seal a "motion to dismiss without prejudice." (Doc. 11-2 at 106). Petitioner was granted leave to do so, and the motion to dismiss was based on counsel's belief that impediments prevented the pursuit of Petitioner's Rule 32 rights at that time. (Doc. 11-2 at 118). In particular, Petitioner wished to obtain testimony from a witness who was no longer competent and could not be deposed. It appears Petitioner's counsel believed the witness might be restored to competency at some point in time. The court granted Petitioner's motion to dismiss on April 4, 2013. On that date the court issued an order "dismissing" the

---

[1] The Court notes the trial court's decision on January 27, 2012 stated the Court of Appeals' mandate had issued on October 6, 2011. (Doc. 11-2 at 69). Thus, Petitioner likely knew the mandate had been issued long before receiving it from his counsel. However, the state court deemed the PCR petition timely.

PCR proceeding with leave to re-file no later than 60 days after Petitioner's counsel knew or should have known the circumstances preventing him from moving forward had been resolved. (*Id.*)

After dismissal of the PCR proceeding in April 2013, Petitioner's counsel made periodic inquiries into whether the allegedly vital witness was competent and could testify. Counsel was informed the witness remained unable to testify. This continued for more than six years.

On June 2, 2019, Petitioner's PCR counsel asked the state trial court to "lift [the] stay" and "reinstate" the PCR proceeding. The trial court noted it had dismissed the prior PCR proceeding and there was no stay to lift. Instead, the court instructed Petitioner to file a new PCR petition no later than August 16, 2019. (Doc. 11-12 at 123). Confusingly, the court then stated it was "[r]einstating the Rule 32 proceeding." (*Id.*) After two extensions of time, Petitioner filed his new PCR petition on October 25, 2019. The court found Petitioner failed to raise a colorable claim and dismissed the proceeding. The Arizona Court of Appeals granted review but denied relief on September 24, 2020. The Arizona Supreme Court denied review on March 3, 2021, and the Court of Appeals issued its mandate on March 26, 2021. (Doc. 11-4 at 129).

On March 7, 2022, Petitioner filed his habeas petition.

II. **Timeliness**

Magistrate Judge Willett filed a Report and Recommendation (R&R) on August 19, 2022, recommending the Court deny the habeas petition. The Magistrate Judge found that the habeas petition was untimely. Federal habeas petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is subject to both statutory and equitable tolling. The Magistrate Judge found the statute of limitations began running on August 1, 2011 based on the following. The Arizona Court of Appeals' affirmed Petitioner's conviction and sentences on June 30, 2011, and Petitioner had 30 days to petition the Arizona Supreme Court for review (though he did not), which means the judgment became final on August 1, 2011 (the next business day after the 30-day window).

(Doc. 11-2 at 44). Magistrate Judge Willett thus found the statute of limitations period began running on August 2, 2011 and expired on August 2, 2012, nearly ten years before the current habeas petition was filed.

Magistrate Judge Willett considered the effect of statutory tolling on the limitations period, which applies to properly filed collateral review petitions. The Magistrate Judge found Petitioner's first and second PCR notices, filed in 2010 and 2011 respectively, were untimely and dismissed, so did not toll the limitations period. However, his third PCR notice filed on April 23, 2012 did begin "tolling" Petitioner's statute of limitations, because it was properly filed. The time between August 2, 2011 and April 23, 2012 is 266 days, meaning Petitioner had 99 days remaining in the one-year limitations window at the conclusion of his PCR proceeding. The third PCR proceeding was dismissed on April 2, 2013, restarting Petitioner's limitations period on April 3, 2013. (Doc. 11-2 at 116). According to Magistrate Judge Willett's calculation, Petitioner's statute of limitations ran 99 days later, on July 10, 2013. Magistrate Judge Willett found the fourth PCR petition, in 2019, did not toll or "re-start" the limitations period, because the limitations period had already expired.

The Magistrate Judge found equitable tolling did not apply. Additionally, Magistrate Judge Willett concluded that even if the Court were to treat the 2019 PCR proceeding as a continuation of the previous PCR petition, the habeas petition is still untimely, because the remaining 99 days would have expired on June 10, 2021 (99 days after the Arizona Supreme Court denied Petitioner's petition for PCR review on March 3, 2021). Petitioner filed his habeas petition in March 2022, months after his statute of limitations expired.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). Petitioner filed two objections to Magistrate

Judge Willett's R&R. (Doc. 13). Specifically, Petitioner objects to the Magistrate Judge's "finding that equitable tolling is unavailable to Petitioner" and the "calculation of the habeas petition's due date." (Doc. 13 at 1). Petitioner's two objections are intertwined, as discussed below.

First, Petitioner objects that his judgment did not become final until March 26, 2021, "which, with appropriately applied equitable tolling, would render the due date for his habeas petition as March 26, 2022." (Doc. 13 at 5). Petitioner seemingly argues that the Magistrate Judge erred by starting the statute of limitations calculation on the date the 30-day window to directly appeal to the Arizona Supreme Court expired in August 2011, rather than starting the statute of limitations on the final mandate related to his PCR petition issued on March 26, 2021. Petitioner seems to argue the Court should ignore the period of time between August 2011 and April 2012, when his first proper PCR petition was filed (amounting to the 266 elapsed days in Magistrate Judge Willett's calculation) based on principles of equitable tolling. If those 266 days (and the later six year gap interrupting his PCR proceedings) are forgiven under equitable principles, and if the final mandate issued on March 26, 2021 started Petitioner's statute of limitations clock, his habeas petition would be timely.

Second, and relatedly, Petitioner objects that he should be entitled to equitable tolling for the 266 days mentioned above. Petitioner argues that though his convictions were affirmed on June 30, 2011, he was not made aware of the mandate until April 2012, at which time he filed a notice of PCR and the Court accepted a late filing. Indeed, Petitioner filed a letter seeking to "find out any available information pertaining to [his] Rule 32" petition in December 2011, because he had not heard anything about his appeal becoming final. (Doc. 11-2 at 67). The trial court treated this letter as an untimely notice of PCR. Petitioner argues the fact that the trial court accepted his PCR petition in April of 2012 amounts to a finding that "equitable tolling was appropriate." (Doc. 13 at 7). From then on, Petitioner argues, he pursued his rights diligently. Petitioner explains that his PCR proceeding was dismissed because an "essential witness" had attempted suicide and was

hospitalized, meaning his counsel could not elicit a statement or conduct further investigation. Petitioner argues the trial court essentially "equitably tolled" his PCR petition timeline by allowing him to re-file when the witness was available, even years later. Petitioner argues the federal court should not ignore the principles of equitable tolling applied by Arizona courts.

Petitioner's objections fail for a number of reasons. His case became "final" for the purpose of starting the clock on his habeas statute of limitations on August 1, 2011, when the thirty days for Petitioner to file an appeal with the Arizona Supreme Court elapsed after the Court of Appeals affirmed Petitioner's convictions. *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007).[2] The mandate issued on October 6, 2011 started his 30-day window to file a timely PCR petition in state court. Ariz. Crim. R. 32.4(a). (*See also* Doc. 11-2 at 69). The federal habeas clock nevertheless began running on August 1, 2011.

There were numerous errors and complications in Petitioner's PCR proceeding over the intervening ten years,[3] so the Court will fast forward to the end of the timeline, when Petitioner's PCR petition concluded. Even if the Court assumes Petitioner is correct that everything in the intervening years should be equitably and statutorily tolled, Petitioner's habeas petition was nevertheless untimely under AEDPA. Petitioner argues his PCR proceeding became final when the Arizona Court of Appeals issued its mandate on March 26, 2021. However, Ninth Circuit case law makes clear that "a postconviction application ceases to be pending when 'no other state avenues for relief remain open,'" and that the date of the mandate does not extend the time in which an appellate court may grant relief. *Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023) (finding PCR proceeding no longer "pending" on date when time to file motion for reconsideration elapsed rather than date mandate issued). *See also Hemmerle*, 495 F.3d at 1073-74. The Arizona Supreme

---

[2] Petitioner's counsel tries to explain away this case, but the reasoning is not persuasive. *Hemmerle* directly answers the question whether the date of a mandate or the elapsed window of time to file an appeal starts the statute of limitations clock for a habeas petition. It is the latter. 495 F.3d at 1073-74.

[3] The Court acknowledges that Petitioner's counsel failed to mail him a copy of the Court of Appeals' mandate, leading to the issues about when he needed to file his PCR petition. There was also confusion when Petitioner's PCR counsel filed a motion to dismiss, perhaps intending merely to "stay," the PCR petition in 2013.

Court denied review of Petitioner's PCR petition on March 3, 2021. (Doc. 11-4 at 127).[4] While the mandate from the Court of Appeals in the PCR proceeding did not issue until March 26, 2021, that did not extend the time Petitioner's PCR proceeding was "pending." *See Melville*, 68 F.4th at 1160-61. Accordingly, even if the Court were to assume arguendo that Petitioner's habeas clock had been tolled until this point, the clock nevertheless started on Thursday, March 4, 2021.[5] *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (AEDPA statute of limitations begins running on day after triggering event).

Petitioner did not file his federal habeas petition until over a year later, on March 7, 2022. The one-year statute of limitations ran on Friday, March 4, 2022. The petition is thus untimely. The Court reiterates this calculation assumes Petitioner's various attempts at PCR proceedings from 2010 through 2019 were continuous and entitled him to all manner of tolling, beginning essentially from the moment his direct appeal was finalized until the day his PCR proceeding concluded. The record belies that assumption. For example, as discussed above, Petitioner's habeas statute of limitations clock began running on August 1, 2011. But Petitioner does not explain why he waited until December of 2011 to inquire about the mandate for his appeal. Nor is there an explanation of what happened in the time between the trial court's denial of Petitioner's letter as an untimely PCR notice on January 27, 2012 (which plainly stated the mandate was finalized on Oct. 6, 2011), and when his appellate counsel notified the trial court of his error on April 16, 2012. To the extent there would be any discrepancy concerning his one-year window expiring between March of 2021 and March of 2022, numerous other pockets of time in the 11 years between Petitioner's conviction and filing his habeas petition would conclusively render his petition untimely.

Lastly, Petitioner has not demonstrated he is entitled to further equitable tolling. Equitable tolling is only available when a petitioner shows "he has been pursuing his rights

---

[4] The Court notes Petitioner had the same counsel for his PCR appeal and his habeas petition. (*See* Doc. 11-4 at 104 (Petition for Review of PCR denial before Arizona Supreme Court) and Doc. 1).

[5] Magistrate Judge Willett also correctly acknowledged this date as the relevant date for potentially re-starting the habeas statute of limitations, as opposed to the date the mandate issued. (Doc. 12 at 8).

diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *State v. Gonzales*, 809 F. App'x 367, 369 (9th Cir. 2020) (internal quotations omitted). A petitioner must demonstrate reasonable diligence "in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Id.* (quoting *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc)). Petitioner has not met his burden of demonstrating reasonable diligence. Again, even if the Court ignores the confusing set of errors towards the beginning of his post-conviction proceedings, Petitioner allowed six years to elapse between voluntarily dismissing his PCR petition in 2013 due to the unavailability of a key witness and re-filing his petition, notably still without that key witness, in 2019. The only explanation was that Petitioner, who was sentenced for 150 years, "wanted to wait until [the witness] was healthy enough to be deposed prior to filing a petition for post-conviction relief," so his counsel "periodically contacted" the appropriate people to determine if the witness would be able to be deposed. (Doc. 11-2 at 120-121). And similarly, there was no explanation for why Petitioner waited over a year, until the very end—indeed, after the expiration of—the statute of limitations to file his habeas petition. *See, e.g.*, *Gonzales*, 809 F. App'x at 369 (no explanation for waiting seven months to file habeas petition indicated petitioner did not remain diligent "up to the time of filing [the] claim in federal court" (citation omitted)). Equitable tolling is thus not warranted.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 12) is **ADOPTED AS SET FORTH ABOVE.**

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because dismissal of the petition is justified by plain procedural bars and reasonable jurists would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this matter and enter judgment accordingly.

Dated this 30th day of August, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge